**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 99-4444

DWAYNE CLARK, a/k/a Bill,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-192-S, CA-99-1233)

Submitted: December 30, 1999

Decided: January 20, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Fred Warren Bennet, Jason D. Tulley, BENNETT & NATHANS,
L.L.P., Greenbelt, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Christine Manuelian, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dwayne Ivin Clark appeals from the district court's orders granting in part and denying in part his motion filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1999), along with the resulting sentence, and denying his motion for reconsideration. Finding no reversible error, we affirm.

Clark pled guilty to being part of a drug conspiracy from 1986 until May 1996. At sentencing, Clark was assessed criminal history points for various prior offenses, including a 1989 state conviction for possession with intent to distribute heroin and a 1991 state conviction for failure to file a state tax return. Trial counsel did not raise any objections to Clark's criminal history score.

Clark filed a direct appeal, raising an unrelated issue, and we affirmed his sentence.[1] He filed a timely § 2255 motion, alleging that trial counsel rendered ineffective assistance by failing to argue that the 1989 drug conviction and the 1991 tax evasion conviction were related offenses to the conspiracy offense and therefore should not have counted toward his criminal history score pursuant to USSG § 4A1.2.[2] The district court granted relief as to the drug conviction, but denied relief as to the tax evasion conviction.

We find no error in the district court's decision. Neither party cites to any cases, nor could we find any, which address Clark's substantive claim that a prior state conviction for tax evasion should be considered a related offense under USSG § 4A1.2 in a federal drug conspiracy prosecution. To succeed on a claim of ineffective assis-

_____

[1] **See United States v. Clark**, No. 97-4502 (4th Cir. May 1, 1998) (unpublished).
[2] **U.S. Sentencing Guidelines Manual** (1995).

2

tance of counsel, a defendant must show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Under the first prong of Strickland, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." Id. at 688. In evaluating counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In addition, we do not engage in hindsight; rather, we evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. Id. at 690.

To satisfy the second prong of Strickland, a defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. However, it is inappropriate to grant relief solely because the outcome would have been different absent counsel's deficient performance. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). Instead, we will only grant relief under the second prong of Strickland if the "result of the proceeding was fundamentally unfair or unreliable." Lockhart, 506 U.S. at 369.

Because there is no settled law on the subject, counsel did not act unreasonably by failing to recognize the issue posed by Clark or by not developing an innovative argument in his favor. The Constitution does not require that a defendant be represented by the most creative counsel; only an effective one. Moreover, we find nothing in the record suggesting that the result of the underlying proceeding was "fundamentally unfair or unreliable." Even if counsel had objected to the assessment of criminal history points based on the conviction for tax evasion, there is no guarantee that the challenge would have been successful.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>